UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JAMES R. GRIFFIN**<br>**#558124** | **CIVIL ACTION NO. 13-cv-2881** |
| **VERSUS** | **JUDGE MINALDI** |
| **PATRICIA C. COLE** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff James R. Griffin. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereafter "LDOC"). He is housed at the Allen Correctional Center (hereafter "ALC") in Kinder, Louisiana. Plaintiff names Judge Patricia C. Cole as his defendant herein.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*I.*
*Background*

On September 15, 2012, plaintiff filed a Petition for Damages in the Thirty-Third Judicial District Court (hereafter "33rd JDC") in Oberlin, Louisiana. Doc. 1, p. 1; Doc. 1, att. 2, p. 8. In

---

[1] It appears that Allen Correctional Center was inadvertently listed as a defendant on the docket sheet of this matter; however, plaintiff does not include a claim against ALC. Insofar as plaintiff has made no claim against ALC we discuss that entity no further.

his petition plaintiff made claims of inadequate medical care by the ALC medical staff, among others. Doc. 1, att. 2, pp. 8-12. Proceeding *in forma pauperis*, the plaintiff was required to pay filing fees in amounts set by LSA-R.S. 15:1186, et seq., as well as an initial partial filing fee of twenty dollars. Doc. 1, att. 2, p. 14. In accordance with LSA-R.S. 15:1186 (B)(2)(a), all proceedings in the case were stayed until those fees were paid. Doc. 1, att. 2, p. 16.

Thereafter, plaintiff filed a Petition for Writ of Supervisory Review in the Third Circuit Court of Appeal. Doc. 1, att. 2, pp. 21-27. He contended that he had no means to obtain funds in order to pre-pay any costs associated with filing the suit in the 33rd JDC. Doc. 1, att. 2, p. 26. The Court of Appeal denied plaintiff's request and on March 30, 2013, he sought writs with the Louisiana Supreme Court. Doc. 1, att. 2, pp. 29-32. On May 4, 2013, the Louisiana Supreme Court denied writs. Doc. 1, att. 2, pp. 33, 34. Plaintiff then filed this complaint seeking sanctions against Judge Cole for ordering him to pay the required fees despite his lack of funds to do so. Doc. 1, p. 3. Furthermore, he asks that we allow him to proceed with his case in the 33rd JDC. Doc. 1, p. 4.

## II.
### *Law and Analysis*

A. *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.

1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendant liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that his complaint should be dismissed with prejudice.

### C. *Judicial Immunity*

Plaintiff's claims against Judge Cole are barred by immunity.

Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).  "The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362.  The Fifth Circuit "has refined those criteria into a four-part test….which asks whether: (1) the act complained of is a normal judicial function; (2) the events occurred in the judge's court or chambers; (3) the controversy centered around a case then pending before the judge, and (4) the confrontation arose directly and immediately out of a visit to the judge in his judicial capacity. *Brewer v. Blackwell*, 692 F.2d 387, 396-97 (5th Cir. 1982).  These factors are construed liberally in favor of immunity.  *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Even liberally construing plaintiff's complaint, none of plaintiff's allegations demonstrate that any of the judge's actions occurred outside of her chambers or the court, or that the actions did not arise out of the performance of her judicial duties.  Thus, the judge's actions were within her jurisdiction and she enjoys absolute immunity from plaintiff's claims.   Plaintiff's claim for damages against Judge Cole must therefore be dismissed.

### D. *Unavailable Relief*

Plaintiff asks this court to allow him to proceed with his suit filed in the 33rd JDC.

To the extent that plaintiff is asking this court to order the defendant state judge to vacate her order, this relief is unavailable.  Although judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions (*Holloway v. Walker*, 765 F.2d 517, 525

(5th Cir.1985)), plaintiff cannot obtain his requested relief because federal courts have no authority to direct state courts or their judicial officers in performing their duties. See *Moye v. Clerk*, *DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *LaBranche v. Becnel*, 559 F. Appx. 290 (5th Cir. 2014) cert. denied, 134 S. Ct. 2824 (U.S. 2014) (unpublished).

### III.
### *Conclusion*

For reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 19th day of November, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE